**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **LENNY YULIMAR ROMERO RODRIGUEZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2931-R** |
| | ) | |
| **FRED FIGUEROA, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Lenny Yulimar Romero Rodriguez, a noncitizen[1] and Venezuelan national proceeding with counsel,[2] filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 her detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge David L. Russell referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[2] Petitioner filed her Petition pro se, but counsel later entered an appearance on her behalf, Doc. 6, before Respondents filed their Response. Petitioner's counsel did not file a Reply. The undersigned applies a liberal construction standard to the Petition's allegations. *See, e.g., Leslie v. Goldman Sachs Grp., Inc.*, No. 22-CV-3211, 2023 WL 6192717, at *1 (N.D. Ga. Mar. 17, 2023) (applying the liberal construction standard where "the operative complaint is a *pro se* one," even though "counsel subsequently entered a notice of appearance" (citation modified)); *Lucero v. CoreCivic NW N.M. Corr. Facility*, No. 19-cv-363, 2020 WL 94798, at *1 (D.N.M. Jan. 8, 2020) (same). *But see Gooding v. Gonzales*, No.10CV33, 2011 WL 841261, at *1 n.1 (W.D. Va. Mar. 7, 2011) (declining to apply a liberal construction standard where a plaintiff filed a pro se complaint, plaintiff's counsel later entered an appearance, and counsel "had the opportunity to review the pleadings on behalf of the Plaintiff and the opportunity to request permission to amend as necessary").

(C). Doc. 3. The undersigned set an expedited briefing schedule, Doc. 5, and the Petition is at issue. For the reasons below, the undersigned recommends that the Court grant the Petition in part and order Respondents to provide Petitioner a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise to release her if there is no hearing within that time.

## I. <u>Background</u>

Petitioner, a citizen of Venezuela, entered the United States on November 16, 2019, at San Ysidro, California, without sufficient documents for entry and seeking asylum. Pet. at 2; Doc. 1-3 at 2 (Notice to Appear).[3] She alleges she was returned to Mexico under the Migrant Protection Protocols, and, on September 2, 2020, she was paroled into the United States with authorization until March 1, 2021. Doc. 1-1 at 1 (I-94); Doc. 1-11 at 1 (Pet'r Decl.). She formally applied for asylum on September 6, 2024. Pet. at 3; Doc. 1-11 at 3.

On June 26, 2026, ICE detained Petitioner in Tulsa, and she has remained in ICE custody. Pet. at 3; Doc. 1-2 at 2 (Warrant for Arrest); Doc. 1-11 at 2. ICE placed her into removal proceedings before the Immigration Court under 8 U.S.C. § 1229a through the issuance of a Notice to Appear, charging her as subject to removal under 8 U.S.C. § 1182(a)(7)(A)(I) as someone who entered the United States without immigration documents. Doc. 1-3 at 2, 5. On July 24, 2026, an Immigration Judge ("IJ") denied Petitioner's request for a bond hearing based on lack of jurisdiction because the IJ classified her as an arriving alien. Doc. 1-9 at 2 (IJ Order).

---

[3] Citations to all filings use the CM/ECF page numbers in the documents' headers.

Respondents contend Petitioner is detained under 8 U.S.C. § 1225(b)(2)(A) but acknowledge Tenth Circuit precedent "compels a different outcome" and entitles her to a bond hearing. Resp. at 1. Petitioner has not submitted a renewed bond request before an IJ after the IJ's denial on jurisdictional grounds on July 24, 2026. Pet. at 6; Doc. 1-11 at 3. Such a request would likely be futile, as all IJs are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025). *Hurtado* holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing.

On October 28, 2026, an IJ granted Petitioner asylum, and alternatively granted withholding of removal. Doc. 7 at 1; Doc. 7-1 at 2 (IJ Order). She waived appeal, but the government reserved appeal. Doc. 7-1 at 5. Respondents have until November 30, 2026, to appeal, and Petitioner remains detained. *See* EOIR, Automated Case Information, at https://acis.eoir.justice.gov/en/ (last visited Nov. 12, 2026).

When Petitioner filed her Petition, she was detained at Diamondback Correctional Facility in Watonga, Oklahoma. Pet. at 1; Doc. 1-11 at 1. She remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Nov. 12, 2026).

## II. <u>Petitioner's Claims</u>

Petitioner asserts two counts in her Petition. She first alleges she is not an "arriving alien" subject to mandatory detention under 8 U.S.C. § 1225 and instead § 1226(a) governs her current detention and entitles her to a bond hearing. Pet. at 7-8. Second, Petitioner claims her "continued confinement without a meaningful individual custody hearing

violates due process." *Id.* at 9. She requests "an individualized hearing before an [IJ]" within seven days or release "if the hearing is not timely provided." *Id.* at 10.

## III. <u>Standard of Review</u>

To obtain habeas corpus relief, Petitioner must show that she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. <u>Analysis</u>

### A. Section 1226(a) applies to Petitioner's detention.

The two sections of the Immigration and National Act at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." On the other hand, § 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

Petitioner alleges § 1226(a) governs her continued detention and entitles her to a bond hearing. Pet. at 7-8. Respondents contend Petitioner's detention is controlled by § 1225(b)(2) but acknowledge Tenth Circuit precedent means § 1226(a) governs her current detention and entitles her to a bond hearing. Resp. at 1.[4]

The Tenth Circuit recently rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents and applied § 1226(a) to govern detention of noncitizens like Petitioner. *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1235-49 (10th Cir. 2026). The Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country." *Id.* at 1239 (citation modified). Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at 1237. Therefore, based on Tenth Circuit precedent, Respondents' acknowledgment of its application, and this Court's prior reasoning in *Valdez v. Holt*, No. CIV-25-1250-R, 2025 WL 3709021, at *3 (W.D. Okla. Dec. 22, 2025), the Court should apply § 1226(a) to govern Petitioner's current detention. *See Bohorquez Bravo v. Lyons*, No. CIV-26-912-R, 2026 WL 1896141,

[4] While the record indicates Petitioner was granted discretionary parole as an arriving alien, Pet. at 3-4, both parties agree *Santillan Quiroz* governs. Pet. at 7; Resp. at 1-2. Even if Petitioner had previously been paroled under 8 U.S.C. § 1182(d)(5), this Court has held noncitizens re-detained after termination of that parole are properly detained under § 1226(a). *See Aitiev v. Gantt*, No. CIV-26-997-R, 2026 WL 2125893, at *2 (W.D. Okla. July 23, 2026) (finding a noncitizen detained after revocation of § 1182(d)(5) humanitarian parole is detained under § 1226(a)).

at *1 (W.D. Okla. July 1, 2026) (holding in accordance with *Santillan Quiroz* that a similarly situated petitioner is entitled to a bond hearing under § 1226(a)).[5]

Further, Petitioner's successful application for asylum does not change the analysis or render her "seeking admission" and thereby subject to § 1225(b)(2)(A). *Santillan Quiroz*, 180 F. 4th at 1239 (holding a noncitizen "cannot make a present request for permission to enter the United States, lawfully or otherwise, once he or she has already entered" and "the only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border" (citation modified)).

**B. The proper remedy is a bond hearing.**

Petitioner requests an "individualized hearing" before an IJ within seven days or release if the hearing is not timely provided. Pet. at 10. The undersigned agrees and concludes a bond hearing is the proper remedy for a noncitizen detained under § 1226(a). *See Santillan Quiroz,* 180 F.4th at 1251 n.13; *see also Bohorquez Bravo*, 2026 WL

---

[5] This conclusion is also in accord with persuasive authority in the First, Second, Third, Fourth, Sixth, Seventh, Ninth, and Eleventh Circuits, which rejected Respondents' statutory interpretation of § 1225(b)(2). *See Lopez Garcia v. Guadian*, 190 F.4th 305, 334-35 (4th Cir. 2026); *Buele Morocho v. Warden, Phila. FDC*, 189 F.4th 287, 304 (3d Cir. 2026); *Guerrero Orellana v. Moniz*, 188 F.4th 1, 20-21 (1st Cir. 2026); *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1193-94 (9th Cir. 2026); *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026). In contrast, the Fifth and Eighth Circuits recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026). The Supreme Court has granted certiorari on this issue. *See Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), *cert. granted sub. nom. Rhoney v. Barbosa da Cunha*, --- S. Ct. ----, 2026 WL 2942994 (Mem) (Oct. 1, 2026).

1896141, at *1 (citing *Santillan Quiroz* and concluding "the appropriate remedy is a bond hearing"); *Karimov v. Cerna*, No. CIV-26-304-R, 2026 WL 950130, at *1 (W.D. Okla. Apr. 8, 2026) ("As a remedy, Petitioner requests his immediate release, but the Court concludes that a bond or custody redetermination hearing is the appropriate remedy."). Therefore, the Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within seven days or otherwise release her if she does not have a lawful bond hearing within that period.

**C. The Court should decline to address Petitioner's due process claim.**

Petitioner also argues her continued detention without a bond hearing violates her rights to due process. Pet. at 9. If the Court grants Petitioner relief with a bond hearing under § 1226(a), the undersigned recommends the Court decline to decide the merits of her due process claim based on continued detention. *See, e.g.*, *Valdez,* 2025 WL 3709021, at *3 n.2 (declining to decide the merits of a petitioner's due process claim when granting a bond hearing under § 1226(a)).

## V. Recommendation and Notice of Right to Object

For these reasons, the undersigned recommends that the Court **GRANT in part** the Petition, Doc. 1, for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner if she has not received a lawful bond hearing within that period.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **November 19, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's

objections, such response must be filed not later than **November 24, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 12th day of November, 2026.

Chris M. Stephens

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE