**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **LENNY YULIMAR ROMERO RODRIGUEZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2931-R** |
| | ) | |
| **FRED FIGUEROA, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**<u>ORDER</u>**

Challenging her detention by Immigration and Customs Enforcement, Petitioner, Ms. Rodriguez, seeks release from detention or a prompt bond hearing from this Court through a writ of habeas corpus under 28 U.S.C. § 2241. [Doc. No. 1]. The Court referred Ms. Rodriguez's petition to United States Magistrate Judge Chris M. Stephens, who recommended that the Court grant in part the Petition and order a bond hearing pursuant to 8 U.S.C § 1226(a). [Doc. No. 10]. Respondents objected [Doc. No. 11], so the Court will review de novo those portions of the Report to which they specifically object.[1] 28 U.S.C. § 636(b)(1); FED R. CIV. P. 72(b)(3).

Respondents object to the R&R but acknowledge that *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) controls this matter.[2] The Court agrees with Judge Stevens's finding that Ms. Rodriguez's detention is pursuant to § 1226(a). The Court

---

[1] Petitioner did not Object.

[2] Respondents state they do not waive their argument that Petitioner is detained under 8 U.S.C. § 1225(b)(2)(A) and thus is not entitled to a bond hearing. [Doc. No. 11 at 1 n.1].

further agrees that the proper remedy is an individualized bond hearing under § 1226(a). *See id.* at 1251 n.13 ("Because Santillan Quiroz can properly be subject to detention under § 1226(a), though, the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release him.").[3]

Accordingly, the Court adopts Judge Stephens's Report and Recommendation, grants in part the Petition for a Writ of Habeas Corpus [Doc. No. 1] and orders Respondents to provide Petitioner with a lawful bond hearing pursuant to § 1226(a) within seven days of the date of this order or otherwise release her if she has not received such a hearing within that period. Respondents shall certify their compliance with this Order.

IT IS SO ORDERED this 20th day of November 2026.

David L. Russell

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**

[3] Since she doesn't object to the R&R and Respondents don't object to Judge Stephens's recommendation that the Court decline to consider Ms. Rodriguez's due process claim, the Court agrees with Judge Stephens and will not address her due process claim.